UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCLUSIVE WIRELESS, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE WIRELESS STORES, LLC, *et al.*, <br><br> Defendants. | Case No. 1:21-cv-01398-ADA-EPG <br><br> ORDER FOR PLAINTIFF AND DEFENDANTS TO SHOW CAUSE AS TO WHY SANCTIONS SHOULD NOT ISSUE AGAINST THEM <br><br> (ECF Nos. 20, 21) |

On August 29, 2022, Exclusive Wireless, Inc. ("Plaintiff") filed a notice of settlement indicating that the parties had reached an agreement to resolve Plaintiff's claims against The Wireless Stores, LLC and Jason Suprenant ("Defendants"). (ECF No. 19). Pursuant to Local Rule 160(b), the docket entry for the notice of settlement filing provided a deadline for filing dispositional documents by September 22, 2022. (*See id.*; L.R. 160(b) ("[T]he Court shall fix a date upon which the documents disposing of the action or motion must be filed, which date shall not be more than twenty-one (21) days from the date of said notification, absent good cause."). On September 7, 2022, the Court issued a minute order directing the parties "to file the appropriate dismissal documents by 9/22/2022 pursuant to Local Rule 160(b)." (ECF No. 20).

The parties did not file appropriate dispositional documents by the September 22, 2022, deadline. On October 6, 2022, the Court issued a minute order which ordered the parties to file

the appropriate dispositional documents by no later than October 14, 2022. (ECF No. 21). To date, the parties have not complied with the Court's order, and the deadline to do so has expired.

Local Rule 110 provides as follows: "Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 160(b) provides, in pertinent part, as follows: "A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions." "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, IT IS ORDERED as follows:

1. Plaintiff and Defendants shall show cause why sanctions should not issue against them for failure to comply with the Court's orders and Local Rule 160(b). (ECF Nos. 20, 21).
2. Plaintiff and Defendants have until no later than October 31, 2022, to file a written response to this order to show cause.
3. Alternatively, by no later than October 31, 2022, Plaintiff and Defendants may file an appropriate dismissal document or a filing explaining why they are unable to do so.
4. The failure to comply with this order may result in additional sanctions.

IT IS SO ORDERED.

Dated:   **October 24, 2022**                       /s/ Erica P. Grosjean
                                                    UNITED STATES MAGISTRATE JUDGE